## GILFRED CORPORATION v. EVER-SHARP, Inc.

District Court, S. D. New York.
Jan. 2, 1942.

Emanuel Lubin, of Long Island City, N. Y., for plaintiff.

Frederic P. Warfield, of New York City (Comfort S. Butler, of Chicago, Ill., and Stephen J. Cox and Frederic P. Warfield, both of New York City, of counsel), for defendant.

COXE, District Judge.

This is a suit for alleged infringement of the Pollak patent No. 1,592,502, issued July 13, 1926, covering a lead pencil. The suit was originally brought against three

646

defendants, but it was stipulated at the trial that the title might be amended to name Eversharp, Inc., formerly the Wahl Company, as the sole defendant.

The patent relates to improvements in mechanical lead pencils of the magazine type. The stated object is to provide a pencil capable of holding a number of leads in the magazine chamber and of automatically feeding these leads, one at a time, to the writing position. The specification shows a step by step feeding and gripping mechanism, which is forced downward by finger pressure and moved in the opposite direction by a spring. The gripping mechanism is a tubular collet having spring arms with gripping surfaces; a slidable sleeve or 'clamping ring surrounds the collet and causes the lead to be alternately gripped and released as the mechanism advances or recedes.

The patent has three claims, and all are in issue. Claim 1 is the broadest of the three, and reads as follows: "1. A mechanical lead pencil including a casing having a tip at its lower end for guiding and supporting a piece of lead, a tubular collet slidably mounted within the casing, said collet being provided at one of its ends with a plurality of spring arms having relatively long inner gripping surfaces between which the piece of lead passes, and means for causing the collet to alternately grip and release the lead to propel it step-by-step as the collet is reciprocated in the casing." Claims 2 and 3 are more detailed in their requirements particularly with respect to the gripping mechanism, than Claim 1.

The defenses are invalidity for anticipation and lack of invention, and non-infringement. It is also insisted that the plaintiff has not shown sufficient title to the patent to maintain the suit.

The plaintiff makes no contention that there was anything novel in the idea of a mechanical magazine lead pencil; the sole reliance on the issue of validity is directed to the gripping mechanism for propelling the lead to the writing position.

The Pollak gripping mechanism is a tubular collet, which concededly was old in the mechanical arts. The closest reference cited by the defendant is the Clement patent No. 566,444, issued August 25, 1896, for a lead pencil case. This patent shows a casing, a tip for guiding and supporting the lead, a tubular lead propelling member, having at one end a plurality of "jaws" or spring arms bent inwardly at their ends to grip the lead, and means comprising a collar and stops for causing the . inner end surfaces of the "jaws" or spring arms alternately to grip and release the lead as it is propelled step by step to the writing position. In principle, there is no difference between Clement's gripping mechanism and that of Pollak. Both have the spring arms alternately to grip and release the lead as it is propelled step by step by the reciprocating action of. the lead guide tube.

The plaintiff first says that Clement does not disclose an operative mechanical pencil. This contention was, however, shown to be unfounded by the demonstration at the supplemental hearing of a mechanical pencil made by the defendant according to the Clement disclosure. The plaintiff seeks also to distinguish Clement on the ground that the patent shows only short inner gripping surfaces, whereas the claims of the Pollak patent specifically require "relatively long inner gripping surfaces". It is true that these quoted words were inserted in the claims to avoid Clement. I cannot believe though that the mere lengthening of the inner gripping surfaces constituted an advance over Clement which amounted to invention. Nor do I think that there was invention in the use of a tubular collet in place of Clement's "jaws" or spring arms operating as a collet. See Cuno Engineering Corp. v. Automatic Devices Corp., 314 U.S. 86, 62 S.Ct. 37, 86 L.Ed. ——, decided by the Supreme Court November 10, 1941.

I hold, therefore, that claims 1, 2 and 3 of the Pollak patent No. 1,592,502 are invalid for lack of invention, and with this disposition it is unnecessary to consider the other contentions of the defendant.

There may be a decree in favor of the defendant Eversharp, Inc., dismissing the complaint with costs.